June 18th, 1906.

———o———

No. 4009.

(Court of Appeal, Parish of Orleans.)

IKE SCHIMSKY vs. HIS CREDITORS.

1. Where, in an application for a respite, the applicant places a party on his schedule as a "disputed creditor" and cites him to

attend the creditors meeting, such applicant will not be heard to say that such creditor has no standing in court to oppose the granting of the respite. If the stay of proceedings is to binding upon the creditor, he must have the right to oppose it, to be equitable, the rule should work both ways.

2. Where the wife of the applicant is placed on the schedule as a creditor for paraphernal rights, neither that admission nor the wife's declaration before the Notary that she is a creditor establishes that fact quoad the other creditors, because, under the rule of public order, neither is a competent witness for or against the other.

Appeal from Civil District Court, Division "B."

E. M. Cahn, for Plaintiff and Appellant.

J. Zach Spearing, for Opponent and Appellee.

Lyle Saxon for Jos. Schwartz, Appellee.

DUFOUR, J. The plaintiff applies for a respite and on his schedule placed the Berlin Manufacturing Co. and the Monroe Bank as disputed creditors, and his wife, as a privileged creditor for paraphernal and separate property advanced. At a meeting which the creditors were notified to attend, thirteen creditors whose claims aggregated $1969.25 voted in favor of the respite, including his wife who was put down for $1500. Five creditors whose claims aggregated $1073.81 voted against the respite.

Among the number were the Berlin Co. and the Monroe Bank which opposed the homologation of the proceedings; from a judgment sustaining their opposition and refusing the respite, plaintiff has appealed.

There are three grounds of opposition presented.

First. That Schimky's wife was not a creditor and had no right to vote.

Second. That a certain household furniture and merchandise were not included in the schedule of assets.

Third. That two claims of $100 each were omitted from the schedule of liabilities.

We are confronted with the objection made by appellant that opponents have no standing to question the granting of the respite, because they are placed on the schedule as *disputed* cred-

itors only and they have failed to present any evidence in support of the validity of their claims.

We do not think that the plaintiff is entitled to raise the objection; he called opponents to the meeting and the stay of proceedings has been operative against them.

It will continue to be so unless their oppositions are well founded; the rule, to be acceptable, should work both ways and it would be inequitable to hold that, though bound by the respite, the creditors are powerless to oppose it.

It is well said by opponent's counsel that "if Schimsky's contention be sound, then every unfortunate or dishonest debtor seeking a respite could make the granting of the same certain and nevertheless obtain the full benefit of the stay order and of the respite by placing friendly creditors on the acknowledged list, and those, from whom he might expect opposition on the disputed list. The law never contemplated such a ludicrous and anomalous condition and this Court is not going to create it."

To require the creditor, under the circumstances, to prove his claim on the trial of his opposition would be to subject him to the very litigation *quoad* the debtor which the stay of proceedings is intended to avoid.

We conclude that the placing on the schedule of opponents claim and their affidavits by proxy made in casting their votes against the respite were sufficient grounds to give them a standing to oppose, without the necessity of proof had contradictorily with the plaintiff. There are no creditors before us asserting any rights or complaining of the action of opponents.

The right of Mrs. Schimsky to vote was properly denied by the lower Court. Any property or credit which the wife may have is presumed to belong to the community; neither she nor her husband could testify, as a rule of public order, to establish the paraphernal character of her claim.

If he could not testify, it follows that his declaration in the schedule that she is his creditor is without effect; if she could not testify, her *prima facie* showing before the notary is equally ineffective.

495

The record is barren of proof as to her claim, and, if her vote be stricken out, there is no majority of creditors in both number and amount voting for the respite.

It is unnecessary to consider the other questions presented.

Judgment affirmed.

June 18th, 1906.

Rehearing refused June 29, 1906.

Notice to apply to S. C. for writ June 29, 1906.